NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 16 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MEINEKE FRANCHISOR SPV, LLC, a Delaware limited liability company; MEINEKE REALTY, INC., a North Carolina corporation, <br><br>        Plaintiff-ctr-defendants - Appellees, <br><br>   v. <br><br> CJGL, INC., a California corporation; CARL DOUMA, an individual; JAN DOUMA, an individual, <br><br>        Defendant-ctr-claimants - Appellants, <br><br>   v. <br><br> ECONO LUBE AND TUNE, INC., <br><br>        Counter-defendant - Appellee. | No. 25-1142 <br><br> D.C. No. 2:23-cv-00374-SPG-JC <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Sherilyn Peace Garnett, District Judge, Presiding

Argued and Submitted June 22, 2026
Pasadena, California

---

    *    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: WARDLAW, OWENS, and DE ALBA, Circuit Judges.

CJGL, Inc., Jan Douma, and Carl Douma (collectively, the "CJGL Parties") appeal the district court's order granting summary judgment to Meineke Franchisor SPV LLC and Meineke Realty, Inc. (together, "Meineke") on the CJGL Parties' counterclaims. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

A district court's decision to grant summary judgment is reviewed de novo. *Desire, LLC v. Manna Textiles, Inc.*, 986 F.3d 1253, 1259 (9th Cir. 2021). "This court's review is governed by the same standard used by the trial court under Federal Rule of Civil Procedure 56(c)." *Suzuki Motor Corp. v. Consumers Union of U.S., Inc.*, 330 F.3d 1110, 1131 (9th Cir. 2003). Summary judgment may be affirmed "on any ground supported by the record." *Cruz v. Nat'l Steel & Shipbuilding Co.*, 910 F.3d 1263, 1270 (9th Cir. 2018). Our "review is limited to the record presented to the district court at the time of summary judgment." *Nat'l Steel Corp. v. Golden Eagle Ins. Co.*, 121 F.3d 496, 500 (9th Cir. 1997).

1. The CJGL Parties did not waive their right to appeal the dismissal of their counterclaims at summary judgment by stipulating to the final judgment the district court adopted. One exception to the general rule that a party cannot appeal a judgment entered with their consent is "where the party did not actually consent" to the judgment. *Tapper v. Comm'r of Internal Revenue*, 766 F.2d 401, 403 (9th Cir. 1985). Here, the facts surrounding the stipulation to the final judgment

demonstrate that the CJGL Parties did not intend to consent to the final judgment itself, but only to its form. *Cf. Slaven v. Am. Trading Transp. Co.*, 146 F.3d 1066, 1069 (9th Cir, 1988) (finding waiver where the stipulation was accompanied by withdrawn objections and a cover letter confirming approval of the proposed judgment's substance).

2.     The district court did not err in granting Meineke summary judgment on the CJGL Parties' intentional misrepresentation and fraudulent inducement counterclaims. These counterclaims are premised on Meineke's purported false promises to "assist, ensure, and confirm" that the CJGL Parties secure a direct lease to their existing franchise's premises for the purposes of inducing the CJGL Parties into renewing the franchise agreement.

"An action for promissory fraud may lie where a defendant fraudulently induces the plaintiff to enter into a contract." *Lazar v. Superior Court*, 12 Cal. 4th 631, 638 (1996). Fraudulent inducement based on a false promise requires "that the promisor did not intend to perform at the time he or she made the promise and that it was intended to deceive or induce the promisee to do or not do a particular thing." *Tarmann v. State Farm Mut. Auto. Ins. Co*., 2 Cal. App. 4th 153, 159 (1991). "Affirmative evidence [demonstrating an intent not to perform the promise] is necessary to avoid summary judgment because mere nonperformance is not enough to show intent to defraud." *Fanucchi & Limi Farms v. United Agri*

*Prods.*, 414 F.3d 1075, 1088 (9th Cir. 2005). Here, even assuming Meineke made a promise to secure the direct lease, the CJGL Parties do not point to any affirmative or circumstantial evidence demonstrating Meineke's intent to defraud. Conversely, the undisputed evidence establishes that Meineke did *attempt* to assist and arrange a direct lease, searched for alternate locations in Santa Barbara for the CJGL Parties' franchise during the direct lease negotiations, and ultimately agreed to guaranty a proposed direct lease for three months. Critically, although Jan Douma asserts that she "executed the renewal agreement [on July 12, 2021] . . . so that Meineke would execute the guaranty for the direct lease," Carl Douma and Meineke executed the renewal agreement on September 29, 2021—five days *after* Meineke told the CJGL Parties that it "[wa]s exiting the business of guaranteeing its franchisees' leases and . . . will not change [its] decision even if it results in a loss of the location."

3.      The CJGL Parties failed to present triable issues of fact on their breach of the covenant of good faith and fair dealing counterclaim about whether Meineke prevented the CJGL Parties from receiving the benefits under the sublease and, by incorporation, the master lease.

This counterclaim fails on the merits, as the CJGL Parties received the benefits of the sublease.[1]  It is undisputed that the sublease terminated "upon *the sooner of* (i) June 29, 2021, [or] (ii) the termination or expiration" of the master lease.  Thus, even if Meineke had extended the master lease, the sublease terminated no later than June 2021.  Yet, the CJGL Parties vacated their franchise's premises around August 2022—well after the sublease expired.

4.  The district court did not err in granting Meineke summary judgment on the recission and restitution counterclaim because the CJGL Parties did not rescind the renewal agreement by prompt notice in accordance with Sections 1691 and 1693 of the California Civil Code.  *See Citicorp Real Est., Inc. v. Smith*, 155 F.3d 1097, 1103 (9th Cir. 1998).  The undisputed evidence establishes that on August 6, 2022, without notifying Meineke, the CJGL Parties ceased operating their franchise and vacated the premises.  Yet, the CJGL Parties provided notice of recission to Meineke on March 15, 2023, when they filed their counterclaims.[2]

---

[1]  We do not decide whether this counterclaim is barred by the four-year statute of limitations as the merits issue is dispositive.

[2]  The CJGL Parties contend that their counterclaim "relate[s] back to the filing of Meineke's complaint," and therefore the relevant date for the analysis of notice is January 18, 2023—the day the complaint was filed.  But even if we accept January 18, 2023, as the date of notice of recission, that date is still long after the CJGL Parties vacated the premises in August 2022.

In California, "[a] delay of more than one month in serving notice of rescission requires explanation." *Gedstad v. Ellichman*, 124 Cal. App. 2d 831, 834 (1954). The CJGL Parties attempt to justify their delay in seeking rescission by asserting arguments for the first time on appeal, which we decline to entertain. *See Nat'l Steel Corp.*, 121 F.3d at 500 ("[Appellant] waived this argument by failing to raise it at summary judgment before the district court."). Moreover, although notice of recession is not required "[w]here the failure of consideration is total," *Carter v. Fox*, 11 Cal. App. 67, 71 (1909), here, there was not a complete absence of consideration. Notably, "[a]fter renewal, [the CJGL Parties] continued to operate the Meineke Center, use Meineke's trademarks and systems, and rely upon Meineke's support in finding alternate locations."[3]

5.     The CJGL Parties asserted two theories to support their California Franchise Investment Law ("CFIL") counterclaim, and the district court did not err in rejecting both at summary judgment. The first theory, premised on Section 31201 of the California Corporations Code, is barred by the statute of limitations.[4]

---

[3]     The district court further determined that "Meineke has shown that CJGL's unexplained delay of rescission caused Meineke prejudice." In their briefs here, the CJGL Parties do not challenge this conclusion and, therefore, they have forfeited this argument. *See Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994) ("We review only issues which are argued specifically and distinctly in a party's opening brief.").

[4]     Relying on Meineke's alleged fraud when renewing the franchise agreement, the CJGL Parties argue that Meineke should be equitably estopped from utilizing

*See* Cal. Corp. Code § 31304 (providing that a Section 31201 claim is only timely if brought before *the earlier of* "the expiration of two years after the violation upon which it is based" or "one year after the discovery by the plaintiff of the facts constituting such violation"). In October 2021, the CJGL Parties informed the franchise premises' landlord that Meineke was willing to guaranty the lease for only three months, rather than the entirety of the lease term. In December 2021, the CJGL Parties indicated that they "hope[d] [Meineke] would agree on a 6-month guaranty." Yet, they asserted the CFIL counterclaim in 2023, more than a year after the CJGL Parties "discovered" that Meineke was not willing to guaranty the lease for the entire renewal period.

Further, the district court properly dismissed the second theory, premised on Section 31125 of the California Corporations Code, because it was not pleaded in the countercomplaint and would also be barred by the statute of limitations. *See Pickern v. Pier 1 Imps. (U.S.), Inc.*, 457 F.3d 963, 968 (9th Cir. 2006) ("Federal Rule of Civil Procedure 8(a)(2) requires that the allegations in the complaint give the defendant fair notice of what the plaintiff's claim is and the grounds upon

---

the statute of limitations to bar certain counterclaims. However, in California, equitable estoppel requires that "the representation proves false after the limitations period has expired." *Lantzy v. Centex Homes*, 31 Cal. 4th 363, 384 (2003*), as modified* (Aug. 27, 2003). And, here, the CJGL Parties learned of the alleged falsity of Meineke's statements before the expiration of the statute of limitations.

which it rests." (citation modified)); *Wasco Prods., Inc. v. Southwall Techs., Inc.*, 435 F.3d 989, 992 (9th Cir. 2006) ("[S]ummary judgment is not a procedural second chance to flesh out inadequate pleadings." (citation modified)).

6. The CJGL Parties failed to present triable issues of fact on their intentional and negligent interference with prospective economic advantage counterclaims. Critically, the CJGL Parties did not demonstrate that Meineke's conduct was "independently wrongful," meaning that it was "proscribed by some constitutional, statutory, regulatory, common law, or other determinable legal standard." *Ixchel Pharma, LLC v. Biogen, Inc.*, 9 Cal. 5th 1130, 1142 (2020) (citation omitted).

7. Finally, because the CJGL Parties predicate their Unfair Competition Law ("UCL") counterclaim on their other counterclaims, and those counterclaims fail at summary judgment, the UCL counterclaim necessarily fails for the same reasons. *See Krantz v. BT Visual Images, LLC*, 89 Cal. App. 4th 164, 178 (2001) (UCL claims "stand or fall depending on the fate of the antecedent substantive causes of action").

**AFFIRMED.**[5]

---

[5] The CJGL Parties did not present any argument related to their negligent misrepresentation counterclaim and, thus, waived any challenge to it. *See Greenwood*, 28 F.3d at 977.